**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MELINDA T. GUTIERREZ,**

      **Plaintiff,**

**v.**                                                     **Case No. 11-cv-0751 BRB/SMV**

**LOS ALAMOS NATIONAL SECURITY, LLC,**
**BILL DONOVAN ZWICK,**

      **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION TO**
**DEEM CERTAIN RESPONSES AS ADMISSIONS**

THIS MATTER is before the Court on Plaintiff's Motion to Deem Certain Responses as Admissions and Memorandum of Law in Support ("Motion") [Doc. 19], which was filed on December 1, 2011. Defendants responded in opposition on December 15, 2011. Defendants' Response in Opposition to Plaintiff's Motion to Deem Certain Answers as Admissions ("Response") [Doc. 25]. Plaintiff filed her reply on December 23, 2011. Reply in Support of Plaintiff's Motion to Deem Certain Responses as Admissions ("Reply") [Doc. 29]. Because Defendants included a general denial in their Answer, the Motion will be DENIED.

**Background**

Plaintiff filed her Complaint on August 22, 2011, asserting claims for Family Medical Leave Act ("FMLA") retaliation, breach of contract, breach of the covenant of good faith and fair dealing, tortious interference of contract, and prima facie tort. Complaint for FMLA Retaliation, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Tortious Interference of Contract, and Prima Facie Tort ("Complaint") [Doc. 1]. Plaintiff alleges that Defendants unlawfully retaliated

against her for taking leave protected by FMLA by demoting her. *Id.* at 1–2. Defendants deny any wrongdoing. *See* Answer [Doc. 6] at 1.

In her Complaint, Plaintiff makes particular allegations about her work-performance evaluations, a certain e-mail, and the policies of Defendant Los Alamos National Security, LLC ("LANS"), her employer. Complaint [Doc. 1] at 4–9, 12, 20–21, ¶¶ 10, 13, 14, 15, 18, 22, 29, 30, 31, 33, 34, 35, 36, 37, 54, 96, 98, 101, 102. All Defendants answered on October 21, 2011. Answer [Doc. 6]. Several of Defendants' enumerated responses to the allegations in the Complaint state only that the writings referenced in the allegations "speak for themselves" and that Defendants deny anything that is inconsistent with the writings. *Id.* at 3–6, 8, 13–14, ¶¶ 10, 13, 14, 15, 18, 22, 29, 30, 31, 33, 34, 35, 36, 37, 54, 96, 98, 101, 102. Also in the Answer, under the heading "Additional Defenses," Defendants state that they "deny all allegations not specifically admitted." *Id.* at 17, ¶ 10.

Plaintiff filed the instant Motion, asserting that Defendants' speak-for-themselves responses do not comply with Federal Rule of Civil Procedure 8, and therefore, the allegations to which they respond should be deemed admitted. Motion [Doc. 19] at 2. Defendants respond that no binding precedent forbids their speaks-for-themselves responses. Response [Doc. 25] at 2. In the alternative, Defendants request an opportunity to amend their Answer before the allegations at issue are deemed admitted. *Id.*

Federal Rule of Civil Procedure 8 permits only three responses to allegations in a complaint: (1) admission; (2) denial; or (3) a disclaimer of knowledge or information sufficient for admission. FED. R. CIV. P. 8(b). When in compliance with Rule 8(b)(5), such disclaimers of knowledge or information have the effect of a denial. FED. R. CIV. P. 8(b). Accordingly, responses that do not fit

into one of these three categories violate Rule 8(b). *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011). For example, responses that "documents speak for themselves" do not comply with Rule 8(b). *Lane*, 272 F.R.D. at 602. General denials—which can include those that deny all allegations except those specifically admitted—*do* comply with Rule 8(b)(3). *Id.* at 603.

Here, Defendants' speak-for-themselves responses do not comply with Rule 8, but the analysis does not end there. Defendants also included a general denial in their Answer, which "den[ies] all allegations not specifically admitted." Since the speak-for-themselves responses are not express admissions, the general denial renders them denied. Because Defendants denied the allegations at issue pursuant to Rule 8(b)(3), the Court will not deem them admitted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [Doc. ] is **DENIED**.

**IT IS SO ORDERED.**

_____
Honorable Stephan M. Vidmar
UNITED STATES MAGISTRATE JUDGE